# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

COREY SMITH

    PLAINTIFF,

v.                      CIVIL ACTION NO.:

CAMPBELL MOVING &
STORAGE, INC.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Corey Smith, (hereinafter referred to as the "Plaintiff" or "Smith"), by and through his undersigned attorney, sues the defendant, Campbell Moving & Storage, Inc. (hereinafter referred to as the "Defendant" or "CMS"), and submits this Complaint which alleges the following:

*JURISDICTION AND VENUE*

1.    This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117,

1

12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes and Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent to the filing of this suit.

7. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202022458) and the United

States Equal Employment Opportunity Commission ("EEOC" No.: 15D2020000356) on November 15, 2019. On December 1, 2020, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on February 15, 2021.

## *PARTIES*

8. Plaintiff is a Caucasian male and a citizen of the State of Florida, Santa Rosa County and who resides in Fort Walton Beach, Florida. He was employed by the Defendant from April 12, 2019, until October 21, 2019.

9. Defendant, Campbell Moving & Storage, Inc., ("CMS"). CMS is an employer within the meaning of the ADAA and the Florida Civil Rights Act and the Florida Workers Compensation Retaliation statute, as it employs in excess of fifteen (15) employees.

## *GENERAL FACTS APPLICABLE TO ALL CLAIMS*

10. Plaintiff is a forty (40) year old African American male.

11. Plaintiff began his employment with Defendant as a packer, mover and driver on April 12, 2019.

12. During his employment with Defendant, Plaintiff performed his duties and responsibilities in an exemplary manner.

13. On October 21, 2019, Plaintiff suffered an on the job injury to his right knee.

14. As the result of the work related injury, Plaintiff tore his lateral meniscus and incurred other injuries to his person.

15. Immediately following the injury, Plaintiff sought medical treatment and reported the accident to Defendant.

16. Plaintiff further informed the Defendant of his diagnosis and restrictions and provided Defendant with a doctor's note that outlined his restrictions and that he would be out of work as a result of the accident.

17. The day after the accident, October 22, 2019, Plaintiff called his supervisor to ask him about filing a workers compensation claim for the injuries he sustained as a result of the accident.

18. Plaintiff did not hear back from the Defendant until three days later when his supervisor called and asked that Plaintiff come into the office on Friday October 25, 2019, to write a statement.

19. On Friday, October 25, 2019, Plaintiff went into the office and after writing a statement at the direction of Defendant, Plaintiff's employment was terminated.

20. Plaintiff's termination occurred within four (4) days of being injured on the job, reporting said injury to Defendant and requesting time off to recover and obtain medical treatment.

## *FIRST CAUSE OF ACTION*
*(AMERICAN WITH DISABILITIES ACT AND AMENDMENTS "ADAA" - DISCRIMINATION)*

21. Plaintiff repeats and re-alleges each of the general factual allegation contained in paragraphs 10 through 20 of this complaint with the same force and effect as if set forth herein.

22. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

23. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

24. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

25. On October 21, 2019, Plaintiff suffered an on the job injury to his right knee.

26. As the result of the work related injury, Plaintiff tore his lateral meniscus and incurred other injuries to his person.

27. Immediately following the injury, Plaintiff sought medical treatment and reported the accident to Defendant.

28. Plaintiff further informed the Defendant of his diagnosis and restrictions and provided Defendant with a doctor's note that he would be out of work as a result of the accident.

29. The day after the accident, October 22, 2019, Plaintiff called his supervisor to ask him about filing a workers compensation claim for the injuries he sustained as a result of the accident.

30. Plaintiff did not hear back from the Defendant until three days later when his supervisor called and asked that Plaintiff come into the office on Friday October 25, 2019, to write a statement.

31. On Friday, October 25, 2019, Plaintiff went into the office and after writing a statement at the direction of Defendant, Plaintiff's employment was terminated.

32. Plaintiff's termination occurred within four (4) days of being injured on the job, reporting said injury to Defendant and requesting time off to recover and obtain medical treatment.

33. Plaintiff's work related injury resulted in a disability to his right knee.

34. Plaintiff performed his job duties for all positions held with Defendant in an exemplary manner and is a qualified individual, as he had sufficient skill, knowledge and experience as a packer, mover and driver with Defendant.

35. Plaintiff's right knee substantially limited one or more major life activities such as, bending, lifting, and caring for himself, performing some manual tasks and mobility - of his right knee.

36. Plaintiff has a record of impairment with his right knee with Defendant.

37. Defendant had knowledge of Plaintiff's disability perceived or otherwise since October 22, 2019, and regarded Plaintiff as having an impairment to his right knee since that time.

38. Four (4) days after reporting the work related injury and medical condition/ disability to Defendant, the Defendant terminated Plaintiff's employment.

39. Defendant's termination of his employment discriminated against Plaintiff in the terms and conditions of his employment as a result of the disability to this knee, perceived or otherwise, as set forth herein above, and the protections afforded him pursuant to the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

40. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

## *SECOND CAUSE OF ACTION*
*(Florida Civil Rights Act – Disability Discrimination)*

41. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 10 through 20 of this complaint with the same force and effect as if set forth herein.

42. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

43. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

44. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

45. On October 21, 2019, Plaintiff suffered an on the job injury to his right knee.

46. As the result of the work related injury, Plaintiff tore his lateral meniscus and incurred other injuries to his person.

47. Immediately following the injury, Plaintiff sought medical treatment and reported the accident to Defendant.

48. Plaintiff further informed the Defendant of his diagnosis and restrictions and provided Defendant with a doctor's note that he would be out of work as a result of the accident.

49. The day after the accident, October 22, 2019, Plaintiff called his supervisor to ask him about filing a workers compensation claim for the injuries he sustained as a result of the accident.

50. Plaintiff did not hear back from the Defendant until three days later when his supervisor called and asked that Plaintiff come into the office on Friday October 25, 2019, to write a statement.

51. On Friday, October 25, 2019, Plaintiff went into the office and after writing a statement at the direction of Defendant, Plaintiff's employment was terminated.

52. Plaintiff's termination occurred within four (4) days of being injured on the job, reporting said injury to Defendant and requesting time off to recover and obtain medical treatment.

53. Plaintiff's work related injury resulted in a disability to his right knee.

54. Plaintiff performed his job duties for all positions held with Defendant in an exemplary manner and is a qualified individual, as he had sufficient skill, knowledge and experience as a packer, mover and driver with Defendant.

55. Plaintiff's right knee substantially limited one or more major life activities such as, bending, lifting, and caring for himself, performing some manual tasks and mobility - of his right knee.

56. Plaintiff has a record of impairment with his right knee with Defendant.

57. Defendant had knowledge of Plaintiff's disability perceived or otherwise since October 22, 2019, and regarded Plaintiff as having an impairment to his right knee since that time.

58. Four (4) days after reporting the work related injury and medical condition/ disability to Defendant, the Defendant terminated Plaintiff employment.

59. Defendant's termination of his employment discriminated against Plaintiff in the terms and conditions of his employment as a result of the disability to this knee, perceived or otherwise, as set forth herein above, and the protections afforded him pursuant to the Florida Civil Rights Act.

60. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

## *THIRD CAUSE OF ACTION*
(*FLA. STAT. § 440.205 FLORIDA WORKERS' COMPENSATION RETALIATION CLAIM*)

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 10 through 20 of this complaint with the same force and effect as if set forth herein.

62. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

63. Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Florida's Workers' Compensation Retaliation Law. FLA. STAT. § 440.205.

64. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

65. At all times material hereto, Defendant was an employer within the meaning of Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

66. On October 21, 2019, Plaintiff suffered an on the job injury to his right knee.

67. As the result of the work related injury, Plaintiff tore his lateral meniscus and incurred other injuries to his person.

68. Immediately following the injury, Plaintiff sought medical treatment and reported the accident to Defendant.

69. Plaintiff further informed the Defendant of his diagnosis and restrictions and provided Defendant with a doctor's note that he would be out of work as a result of the accident.

70. The day after the accident, October 22, 2019, Plaintiff called his supervisor to ask him about filing a workers compensation claim for the injuries he sustained as a result of the accident.

71. Plaintiff did not hear back from the Defendant until three days later when his supervisor called and asked that Plaintiff come into the office on Friday October 25, 2019, to write a statement.

72. On Friday, October 25, 2019, Plaintiff went into the office and after writing a statement at the direction of Defendant, Plaintiff's employment was terminated.

73. Plaintiff's termination occurred within four (4) days of being injured on the job, reporting said injury to Defendant and requesting time off to recover and obtain medical treatment.

74. Plaintiff's work related injury resulted in a disability to his right knee.

75. Plaintiff performed his job duties for all positions held with Defendant in an exemplary manner and is a qualified individual, as he had sufficient skill, knowledge and experience as a packer, mover and driver with Defendant.

76. Plaintiff's right knee substantially limited one or more major life activities such as, bending, lifting, and caring for himself, performing some manual tasks and mobility - of his right knee.

77. Plaintiff has a record of impairment with his right knee with Defendant.

78. Defendant had knowledge of Plaintiff's disability perceived or otherwise since October 22, 2019, and regarded Plaintiff as having an impairment to his right knee since that time.

79. Four (4) days after reporting the work related injury and medical condition/ disability to Defendant, the Defendant terminated Plaintiff employment.

80. Defendant's termination of Plaintiff's employment was in retaliation for asserting the protections afforded him pursuant to the §440.205, Florida's Workers' Compensation Retaliation statutes.

81. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

  a. Declaring the acts and practices complained of herein are violation of the ADA/ADAA, Florida Civil Rights Act (FCRA), Florida's Worker's Compensation Retaliation § 440.205, Florida Statue.

  b. Enjoining and permanently restraining those violations of the ADA/ADAA,

Florida Civil Rights Act (FCRA), and the Florida's Worker's Compensation Retaliation § 440.205 Florida Statue.

  c. Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

  d. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

    i. Awarding Plaintiff Front Pay in lieu of reinstatement;

    ii. Awarding Plaintiff compensatory damages;

    iii. Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.  Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: May 6, 2021.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
Attorney for the Plaintiff